# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| TAURUS DAVIS | * | CIVIL ACTION NO. 16-1316 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| RUSTON LOUISIANA HOSPITAL COMPANY, L.L.C. d/b/a NORTHERN LOUISIANA MEDICAL CENTER | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1) [doc. # 27] filed by defendant, Ruston Louisiana Hospital Company, LLC d/b/a Northern Louisiana Medical Center ("NLMC")]. The motion is unopposed. For reasons stated below, it is recommended that the motion to dismiss be GRANTED, and that plaintiff's complaint be dismissed, without prejudice.

## Background

On September 20, 2016, Taurus Davis filed the above-captioned matter in federal court against NLMC on the basis of diversity jurisdiction. 28 U.S.C. §1332. Plaintiff alleged that on August 26, 2015, while a guest at NLMC, an elevator door malfunctioned and repeatedly struck his body causing "serious and debilitating injuries." (Compl., ¶ 6). Plaintiff prayed for special and general damages, including past, present and future lost earning capacity; past, present, and future physical pain and suffering; mental anguish; loss of enjoyment of life; and inconvenience. (Compl.; Prayer). He also alleged that his damages exceeded the statutory minimum for the

exercise of diversity jurisdiction. (Compl.; ¶ 1).

After twice requiring plaintiff to amend his complaint to properly allege the citizenship of NLMC, the court reviewed the amended pleadings and found that it enjoyed diversity jurisdiction. *See* doc. #s 9-16. Moreover, neither party anticipated any jurisdictional challenges to the court's subject matter jurisdiction. (Parties' Rule 26(f) Report [doc. # 8]).

On November 22, 2017, however, NLMC filed the instant motion to dismiss for lack of subject matter jurisdiction on the basis that the amount in controversy does not exceed the jurisdictional minimum – $75,000. Plaintiff did not file a response to the motion. Moreover, his deadline to do so has lapsed. *See* Notice of Motion Setting [doc. # 28]. Accordingly, the motion is deemed unopposed. *Id*.

## **Law and Analysis**

It is axiomatic that federal courts are courts of "limited jurisdiction possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 1064(2013) (citation and internal quotation marks omitted). Thus, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In other words, the party seeking to invoke federal court jurisdiction bears the burden of demonstrating its existence. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). "A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

disputed facts."

*Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir.2016) (citations and internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937 (5th Cir. 2013) (citations omitted).

Plaintiff invoked this court's subject matter jurisdiction exclusively via diversity, which contemplates complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The sole issue here is amount in controversy. As explained by the Supreme Court,

> [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91 (1938).

Applying the foregoing principles to the facts at hand, and in light of the lack of any

3

opposition or argument to the contrary, the court finds that it is legally certain that plaintiff's claims did/do not exceed the jurisdictional minimum.

In support of its motion, NLMC adduced evidence that, prior to suit, plaintiff had incurred but approximately $4,000 in medical expenses. *See* Med. Records; M/Dismiss Exh. A, pgs. 61, 63. Moreover, as of the time of his interrogatory responses in April 17, 2017, plaintiff had suffered lost wages of no more than $31,000. *See* Interr. Response No. 14; M/Dismiss, Exh. A (40 hrs./week x $9/hr. x 84 weeks). Although plaintiff continues to experience right knee pain that flares up several times per week, there is no indication that he underwent any surgical procedure for the condition or that surgery is contemplated in the future. *See* Pl. Depo. and Med. Records; M/Dismiss Exhs. A & B. Also, his back and neck pain resolved. (Pl. Depo., pg. 99). Case law suggests general damages of no more than $20-30,000. *See e.g., Menard v. Audubon Ins. Group*, 953 So. 2d 187 (La. App. 3rd Cir. 2007); *Cormier v. Colston*, 918 So.2d 541 (La. App. 3rd Cir. 2005).[1]

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter

---

[1] The instant decision is premised in no small part upon plaintiff's apparent concession that, in retrospect, the amount of controversy was not satisfied in this case. Moreover, any potential hardship imposed by dismissal is ameliorated by the court's appreciation that plaintiff will have the opportunity to re-file this matter in state court during the delays associated with the report and recommendation. Such a filing will help to ensure that the state court suit is not plagued by exceptions of prescription. *See* La. Civ. Code Art. 3462; *Breaux v. Vicknair*, 507 So.2d 1242 (La. 1987); *Woods v. State, Dept. of Health and Hospitals*, 992 So.2d 1050, 1055 (La. App. 1st Cir. 2008).
  Also, although it is unfortunate that the parties will have to undergo the trouble and expense of re-filing the existing pleadings in the state court suit, much of the discovery and work performed here should readily transfer to that forum.

jurisdiction, Fed.R.Civ.P. 12(b)(1) [doc. # 27] filed by defendant, Ruston Louisiana Hospital Company, LLC d/b/a Northern Louisiana Medical Center be GRANTED, and that the instant complaint be DISMISSED, without prejudice. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 18th day of December 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE